# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

FEDERAL EXPRESS CORPORATION,      )
                                  )
    Plaintiff,                   )
                                  )
v.                                ) CIVIL ACTION No.
                                  )
SUPREME QUALITY, INC.,            )
MANAAL, INC., and                 )
SUPERIOR ONE CORPORATION,         )
                                  )
    Defendants.                  )
                                  )

## COMPLAINT

Plaintiff Federal Express Corporation ("FedEx") files this Complaint against Defendants Supreme Quality, Inc.; Manaal, Inc.; and Superior One Corp., and for its claims for relief states as follows:

## PARTIES

1.      Federal Express Corporation is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located in Memphis, Tennessee.

2.      Defendant Supreme Quality, Inc. ("Supreme") is a New York corporation with its principal place of business located in Brooklyn, New York. Supreme can be served with process through the New York Secretary of State at the New York Department of State, One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231.

3.      Defendant Manaal, Inc. ("Manaal") is a New Jersey corporation with its principal place of business in Jersey City, New Jersey.  Manaal can be served with process through its registered agent, Imran Ishtiaq, 47 Giles Avenue, Jersey City, NJ 07306.

4.      Defendant Superior One Corporation ("Superior") is a New York corporation with its principal place of business in Brooklyn, New York.  Superior can be served with process through the New York Secretary of State at the New York Department of State, One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231.

5.      Upon information and belief, all Defendants share common ownership and control, and each lists Imran Ishtiaq as its president, billing contact and registered agent.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between FedEx and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.  The Court may also exercise supplemental jurisdiction over the claims against Defendants owing lesser amounts because those claims form part of the same case or controversy.  Alternatively, the claims may be aggregated or joined under Fed. R. Civ. P. 20(a)(2) because they arise out of the same series of transactions or occurrences and present common questions of law and fact, including Defendants' course of dealing with FedEx and nonpayment practices.

7.     This Court has personal jurisdiction over Defendants because they purposefully availed themselves of the privilege of conducting business in Tennessee, including by entering into transportation services agreements with FedEx, a Tennessee-based company, and directing business activities toward this forum. Further, Defendants engaged in interstate communication with FedEx in Tennessee and contracted for services to be performed in whole or in part in Tennessee.

8.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 because this judicial district is where a substantial part of the events or omissions giving rise to the claims in this suit occurred.  Specifically, the injury to FedEx occurred in the Western District of Tennessee and the shipping network used by Defendants pursuant to the transportation services agreements is routed through the Western District of Tennessee.

## FACTUAL ALLEGATIONS

9.     This is a suit to collect over $260,000 owed by Defendants for shipping services provided by FedEx and for which Defendants failed to pay.

10.    FedEx is an express carrier and logistics provider that transports goods and provides related services for commercial customers.

11.    In April 2021, Defendants and FedEx entered into a FedEx Transportation Services Agreement covering express and ground transportation services (the "Contract").   Imran Ishtiaq executed the Contract on behalf of Defendants.

12. Importantly, the Contract incorporates the FedEx Service Guide and the terms and conditions thereof.  Each of Defendants' individual shipments placed with FedEx were also made subject to the FedEx Service Guide.

13. The FedEx Service Guide provides, among other things, that "[t]he party to whom a FedEx account number is issued is liable for all charges to the account…"

14. The Contract and the FedEx Service Guide both mandate that invoices are due and payable within fifteen (15) days from the invoice date and the FedEx Service Guide specifies that late fees equal to 6% of total past-due balances may be applied to invoices not timely paid.

15. The FedEx Service Guide also states that senders and/or shippers are responsible for payment and are liable for costs to collect payment, including attorneys' fees, interest and court costs.

16. Under the Contract, FedEx provided shipping services and invoiced Defendants for those services.

17. Defendants accepted the services and retained the benefit of FedEx's performance under the Contract.

18. FedEx issued invoices to each Defendant reflecting the amounts due for services rendered.

19. Despite demand, Defendants have failed and refused to pay the outstanding balances owed.  In addition to its normal billing efforts, FedEx contacted Imran Ishtiaq, billing contact for all three Defendants, to discuss the unpaid invoices.

Despite promising to pay the past due amounts, Ishtiaq did not communicate further with FedEx nor did Defendants remit payment.

20. The amounts currently due and owing are as follows:

a. Supreme: $18,589.06;

b. Manaal: $238,165.03;

c. Superior: $4,959.89.

21. Defendants' failures to pay constitute material breaches of the Contract. This action is necessary to collect these amounts due and owing to FedEx, which continue to accrue, including late fees.

22. Upon information and belief, Defendants are under common ownership and control and operated as a coordinated enterprise with respect to their dealings with FedEx.

23. All three Defendants list the same individual, Imran Ishtiaq, as president and registered agent, and he exercised centralized decision-making authority over each entity's shipping activities and payment practices.

24. On information and belief, Defendants did not maintain meaningful operational separation in their course of dealing with FedEx.

25. Defendants repeatedly presented the same credit card number(s) to pay for shipping services rendered by FedEx.

26. Defendants also listed and used the same addresses as their principal place of business and headquarters for purposes of billing, correspondence, and account administration with FedEx.

5

27. FedEx relied on Defendant's unified course of conduct, including their use of common payment instruments and centralized contact information, in continuing to provide shipping services.

28. On information and belief, the unpaid shipping charges at issue arose from Defendants' integrated course of dealing and constitute a series of related transactions directed and controlled by the same individual and effectuated through the same operational channels.

29. Defendants' coordinated conduct, including incurring shipping charges across multiple entities while using shared payment methods and contact information, reflects a common scheme or practice resulting in nonpayment to FedEx.

<strong><u>COUNT I:  BREACH OF CONTRACT</u></strong>

30. The allegations in Paragraphs 9 thru 29 are incorporated by reference as if set forth fully herein.

31. A valid and enforceable contract existed between FedEx and each Defendant.

32. By providing shipping services, FedEx performed its obligations under the Contract.

33. Defendants materially breached the Contract by failing and refusing to pay invoices for services rendered by FedEx.

34. As a direct and proximate result of Defendants' breaches of the Contract, FedEx was damaged.  Specifically, Defendants owe FedEx $261,713.98, as of the filing of this Complaint for unpaid shipping charges and late fees.  In addition,

6

Defendants are liable for FedEx's legal fees associated with this action and all court costs necessitated by their breaches.

## COUNT II: UNJUST ENRICHMENT

35. The allegations in Paragraphs 9 thru 34 are incorporated by reference as if set forth fully herein.

36. Alternatively, Defendants are obligated to pay FedEx for its shipping services rendered but for which Defendants failed and refused to remit payment.

37. FedEx conferred substantial benefits upon Defendants in the form of shipping services. Defendants were aware they were receiving such benefits and accepted them under such circumstances that it would be unfair, unjust, and inequitable for them to retain these benefits without payment.

38. Accordingly, FedEx was damaged. Specifically, Defendants owe FedEx $261,713.98, as of the filing of this Complaint for unpaid shipping charges and late fees.

## PRAYER FOR RELIEF

**WHEREFORE,** FedEx respectfully requests that the Court:

a. Enter judgment in favor of FedEx against these Defendants;

b. Award FedEx actual damages not less than $261,713.98;

c. Award FedEx its attorneys' fees incurred in bringing this action;

d. Award FedEx pre-judgment and post-judgment interest at the highest applicable rate;

e. Award FedEx its court costs; and

f.      Grant FedEx such other and further relief as the Court deems just and

proper.

                              Respectfully submitted,

                              s/ Brandon D. Pettes_____
                              Brandon D. Pettes (TN BPR #031264)
                              **FEDERAL EXPRESS CORPORATION**
                              3620 Hacks Cross Rd.
                              Bldg. B, 3rd Floor
                              Memphis, TN 38125
                              Tel 901-434-8537
                              Fax 901-434-4523
                              brandon.pettes@fedex.com

                              *Attorney for Plaintiff Federal Express Corporation*